# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 16-mj-0202-CJW |
| vs. | **ORDER** |
| ADRIAN MAGANA, | |
| Defendant. | |

Defendant Adrian Magana has been indicted in the United States District Court for the District of Nebraska on charges of: (1) conspiracy to distribute and possess with intent to distribute a mixture or substance containing 50 grams or more containing a detectable amount of methamphetamine; and (2) possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. The District of Nebraska filed an arrest warrant on July 20, 2016. Defendant was arrested in this district. The Court conducted an initial appearance and Rule 5 proceeding on August 4, 2016. Defendant waived identity hearing but requested a detention hearing in this district. Doc. 3, at 2.

This Court held a detention hearing on August 8, 2016. Assistant United States Attorney Shawn Wehde appeared on behalf of the government. Defendant appeared personally and was represented by his attorney, Assistant Federal Public Defender Brad Hansen. The government offered testimony from Division of Narcotics Enforcement Agent Travis Ocken and United States Marshals' Deputy Peter Douglas Zemmler. Defendant submitted Exhibit A under seal, without objection. The Court also considered the information presented in the Pretrial Services Report, including defendant's criminal history.

On the issue of removal, the Court finds that there are grounds for removing the defendant to the District of Nebraska. The District of Nebraska indicted defendant on July 19, 2016. The indictment establishes probable cause to believe that defendant committed an offense in the District of Nebraska. Additionally, testimony from Agent Ocken establishes that defendant traveled to the state of Nebraska to purchase distribution quantities of methamphetamines and was later arrested in Iowa. Thus, removal to the District of Nebraska is appropriate.

On the issue of detention, the Bail Reform Act of 1984 governs the pretrial detention of a defendant. *See United States v. Salerno,* 481 U.S. 739 (1987). In considering the government's motion for pretrial detention, a court must determine whether the defendant should be detained under a two-step analysis. *United States v. Friedman,* 837 F.2d 48, 49 (2d Cir. 1988). Under the first step, a court must determine if this case involves an offense listed in 18 U.S.C. § 3142(f)(1) or a risk factor listed in 18 U.S.C. § 3142(f)(2). If a court finds such a listed offense or risk present, then it must proceed to the second step. Under the second step, a court must consider whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community. 18 U.S.C. § 3142(e). A defendant may be detained on the basis of a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992) (per curiam); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (per curiam). The government has the burden of proving by clear and convincing evidence that no release condition or combination of conditions will reasonably assure the safety of the community. 18 U.S.C. § 3142(f). Also, the government has the burden of proving by a preponderance of the evidence that no release condition or combination of conditions will reasonably assure the defendant's appearance. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

If a court finds probable cause that the defendant committed an offense listed in 18 U.S.C. § 3142(e), then a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). In a presumption case, "a defendant bears a limited burden of production–not a burden of persuasion–to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (internal quotation marks omitted). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* In this case, probable cause is established by the return of an indictment filed on July 19, 2016.

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, a court must apply the factors outlined in 18 U.S.C. § 3142(g), including (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. The court must then determine whether any of the conditions under 18 U.S.C. § 3142(c) can reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).

Applying this analysis, and with the presumption in mind, the Court finds regarding the first step that detention is authorized, pursuant to 18 U.S.C. § 3142(f)(1)(C), because this case involves two counts alleging controlled substance related offenses, each punishable by maximum penalties in excess of ten years. Regarding the

second step, the Court finds that the government has met its burden of proving by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person and the community. And the Court also finds, in a close call, that the government has met its burden of proving by preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure defendant's appearance if he were to be released. To assess whether defendant should be detained, the Court considers the following facts.

Defendant is charged with of a controlled substance offense. The Court recognizes defense counsel's argument given that defendant was caught with only a small amount of methamphetamine that defendant is merely a low-level person involved in a larger drug conspiracy out of Nebraska. Yet, the indictment in count one alleges that defendant was a member of a larger conspiracy involving more than 50 grams of a mixture of methamphetamine in the conspiracy, and the testimony by Agent Ocken established that the conspiracy involved more than fifteen people.

The weight of evidence with regard to count five of the indictment, which charges defendant with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine on March 10, 2016, sounds fairly overwhelming. On that same date, defendant purchased methamphetamine from a confidential source, was monitored by law enforcement without interruption and then subsequently was stopped by officers. Distribution quantities were found in defendant's vehicle. The Court is unable to assess the weight of the evidence in regard to count one, the conspiracy charge. There is some reference to intercepted phone calls and the like. But the Court can assess the weight of the evidence of count one as it relates to count five, which the Court finds fairly overwhelming.

Defendant has strong family ties to Iowa. Defendant's parents, pregnant wife, child, and step-child all live in Iowa. As the government mentioned, the Court notes that

defendant has resided in Mexico on three occasions. The last occasion was in 2008. Defendant self-reports that he does not have a passport. Given that defendant has ties to Mexico and has lived in Mexico, there is some indication that defendant's ties could make him more of a flight than the average United States citizen. The Court notes that these ties, however, are dated.

Defendant's financial sources are limited. Defendant is currently unemployed. In July 2016, defendant stopped working for Quality Foods in Denison, Iowa.

Defendant has a criminal history that supports a finding that defendant is both a flight risk and a danger to the community. In 2011, defendant left Iowa without permission, traveled to Texas, and absconded from probation. Also, while on this same probation, defendant was arrested three times. The Court notes, however, that these three counts were dismissed and so gives them no credence. Ultimately, defendant's probation was revoked. Also, defendant was convicted in 2013 of operating a motor vehicle while intoxicated, an offense which poses a danger to the community. In 2014, defendant was arrested and ultimately convicted for driving while barred. While on probation for that conviction, Defendant missed appointments, changed residence without notification to probation officer, consumed alcohol, tested positive of illegal substances, and again drove while barred.

Defendant is a self-described methamphetamine addict. He has a history of using methamphetamine, cocaine, and marijuana. Defendant did sign up for drug treatment on his own, yet the Court notes that such occurred after defendant was arrested in Crawford County.

Defendant is currently on probation and has two pending charges in Crawford County, Iowa.

The Court finds unpersuasive Defendant's argument that more stringent testing conditions could be imposed on him during his pretrial release which would address some

of the Court's concerns. At the detention hearing, Deputy Zellmer testified that during an in-custody search last week, defendant told Deputy Zellmer that he had a bottle-filled-with-urine, which Deputy discovered taped to the waistline of defendant's pants. Defendant explained to Deputy Zellmer that the bottle was for an upcoming employment interview. This recent event gives the Court no confidence that defendant would comply with any testing conditions that the Court could impose on him during his pretrial release.

For these reasons, the Court finds the government has established by a preponderance of the evidence that Defendant is a risk of nonappearance and by clear and convincing evidence that he poses a danger to the community. Accordingly, the Court grants government's motion for pretrial detention, as follows:

1. Defendant is committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment of the release or detention order is filed pursuant to 18 U.S.C. § 3145(a) or (b), subject to excuse for good cause shown, the motion must be filed within 14 days after the release or detention order has been filed. LCrR 5. Also, the moving party pursuant to LCrR 5 *must*:

      (a)    Attach a copy of the detention order to the motion;

      (b)    Promptly secure a transcript of all portions of the record the district judge will need to rule on the motion.

5. There is *no automatic stay* of this Order.

**IT IS ORDERED**: The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the Clerk of Court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The Clerk of this district must promptly transmit the papers and any bail to the charging district.

**IT IS SO ORDERED** this 9th day of August, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa